**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ARNALDO CABRERA,  :
               Petitioner,  :      Civil Action No. 12-6580 (KM)

v.  :      **OPINION**

J.S. WALTON,  :

               Respondent.  :

---

**MCNULTY,** District Judge

## INTRODUCTION & BACKGROUND

*The Petition is transferred to this court*

This Petition for a writ of habeas corpus arrived in this Court by means of a transfer from another District. The Petitioner, Arnaldo Cabrera, filed this Petition challenging a 1981 New Jersey state conviction for armed robbery. He filed this Petition while incarcerated at the Federal Correctional Institution (FCI) in Milan, Michigan, pursuant to a later, unrelated federal conviction. (Petitioner has informed the Clerk that he was thereafter transferred to the FCI at Greenville, Illinois. See Docket Entries Nos. 8 and 9.) Petitioner filed this Petition the United States District Court for the Eastern District of Michigan (then the district of his incarceration), where it was assigned to District Judge Marc A. Goldsmith and Magistrate Judge R. Steven Whalen. See Docket Entries Nos. 1, 5. The Petition was accompanied by applications to appoint counsel and to proceed in forma pauperis. See Docket Entries Nos. 2 and 3.

Magistrate Judge Whalen, seeing that the Petition challenges a single state conviction rendered by the Superior Court of New Jersey, interpreted it as a petition for habeas corpus pursuant to 28 U.S.C. § 2254. By order dated October 16, 2012, Judge Whalen ordered that the matter be transferred to this District, citing 28 U.S.C. § 2241(d). Under that section, a prisoner in custody on a state conviction may challenge that conviction by bringing a petition for a writ of habeas corpus in a federal district court that sits within that state. The case was transferred to the District of New Jersey, and then assigned to me.

***Petitioner's 1981 New Jersey armed robbery conviction***

This Petition is a challenge to a 1981 New Jersey state conviction for armed robbery. Petitioner entered a plea of guilty and was sentenced to a 15-year term of imprisonment. See Docket Entry No. 1, ¶¶ 1-3; Infante-Cabrera v. United States, 2008 U.S. Dist. LEXIS 26280, at *16 (W.D. Tex. Feb. 25, 2008). He served approximately six years of that sentence, and was released on parole in 1987. (See State v. Infante, No. A5046-08 (N.J. Super. Ct. App. Div., Sept. 28, 2012) (attached as exhibit to Petition).)

The Petitioner did not take a direct appeal from that 1981 New Jersey armed robbery conviction. In 2007 – 26 years after the conviction – he filed in New Jersey Superior Court a petition for post conviction relief (PCR).[1] The PCR petition asserted multiple claims of

---

[1] Petitioner is not in state custody, nor is he serving his sentence for the 1981 armed robbery conviction. He served that sentence and was released on parole in 1987. He then committed a cocaine offense, pled guilty, served another New Jersey state sentence and was again released. He then committed another cocaine offense, pled guilty in the U.S. District Court for the Western District of Texas, and was sentenced to 262 months' imprisonment on March 28, 2002. That 262 month federal sentence is the one he is currently serving. And it was while serving that federal sentence, in 2007, that Petitioner filed the state PCR petition and, in 2012, filed the current habeas petition, both challenging the 1981 New Jersey armed robbery

(continued...)

ineffective assistance of counsel in connection with the 1981 conviction, as well as other claims, the mere listing of which occupies 8 pages. State v. Infante, No. A5046-08 at pp. 2-10 (N.J. Super. Ct. App. Div., April 15, 2011). The trial-level court denied the PCR petition as untimely under the applicable 5-year statute of limitations, see N.J. Ct. R. 3:22-12, rejecting Petitioner's claim of excusable neglect. The trial judge nevertheless considered the substantive claims, but found them to be without merit. Id. at 2. On April 15, 2011, the Superior Court of New Jersey, Appellate Division, affirmed the denial of PCR, and on February 23, 2012, the New Jersey Supreme Court denied certification. (Both decisions are attached to the petition.)

*Petitioner's 1987 New Jersey cocaine conviction*

In 1987, Petitioner was convicted in New Jersey on a separate charge of possession with intent to distribute cocaine. See id. ¶ 2; Infante-Cabrera v. United States, 2008 U.S. Dist. LEXIS 26280, at *2 n.3, *16 (W.D. Tex. Feb. 25, 2008) (citing State v. Infante, No. S-402-87-02 (N.J. Super. Ct., L. Div., Oct. 16, 1987)). He challenged this conviction by filing a PCR petition in 1991. To the courts considering his belated 2007 PCR petition with respect to the armed robbery conviction, this 1991 filing demonstrated that Petitioner was aware of the existence of the PCR remedy, and tended to undermine his claim of excusable neglect. That is its only significance with relation to this Petition.

---

[1](...continued)
conviction.

*Petitioner's 2002 federal cocaine importation conviction in the Western District of Texas*

Petitioner is currently serving a lengthy federal sentence of imprisonment based on a conviction of conspiracy to import cocaine in the United States District Court for the Western District of Texas ("W.D. Tex.").

On January 18, 2002, Petitioner pleaded guilty to conspiracy to import more than 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 963, 952(a), 960(a)(1) and (b)(1)(B). The W.D. Tex. district court imposed a sentence of 262 months' imprisonment. See id. ¶ 17; Infante-Cabrera v. United States, 2008 U.S. Dist. LEXIS 26280 at *3 (W.D. Tex. Feb. 25, 2008). The W.D. Tex. 262-month sentence was enhanced on the basis of Petitioner's 1987 New Jersey cocaine conviction. *Id.* at *2; see also 21 U.S.C. § 960(b)(1) (enhancement for prior conviction of felony drug offense); Docket Entry No. 1.

Petitioner appealed his W.D. Tex. conviction to the United States Court of Appeals for the Fifth Circuit. It was affirmed, see United States v. Infante-Cabrera, 71 Fed. App'x 441, 2003 WL 21418111 (5th Cir. 2003), and the United States Supreme Court denied *certiorari*, 542 U.S. 921 (2004).

Petitioner brought a motion pursuant to 28 U.S.C. § 2255 in the Western District of Texas, attacking his guilty plea to cocaine importation and 262-month sentence. In that motion he asserted, *inter alia,* that the 1981 and 1987 New Jersey convictions were "unproven" and should not have been used in connection with his federal sentencing. That contention was rejected. See Infante-Cabrera v. United States, 2008 U.S. Dist. LEXIS 26280 at *5, *16 (W.D. Tex. Feb. 25, 2008). In its Opinion denying the § 2255 petition, the District Court denied a certificate of appealability. See id. at *18-20.

4

## DISCUSSION

I have looked beyond the literal terms of this *pro se* petition and given it a liberal construction, but I find that it does not state a viable claim, or one over which this court would have jurisdiction.

The Petition is a habeas challenge to the 1981 New Jersey armed robbery conviction, pursuant to 28 U.S.C. § 2254. To bring such a challenge, however, "a habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989); see also Spencer v. Kemna, 523 U.S. 1, 7 (1998); Hensley v. Mun. Court, 411 U.S. 345, 351 (1973); Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004). Petitioner's custodial sentence on the 1981 New Jersey conviction expired 26 years ago, in 1987, and he does not allege that he is under parole supervision or otherwise "confined" pursuant to that sentence. Petitioner is in federal, not state, custody, and is currently serving a federal sentence of imprisonment on his federal narcotics conviction in the Western District of Texas.

That disposes of the Petition. In transferring the case here, Magistrate Judge Whalen was indulging the possibility that there might be a basis for a New Jersey habeas petition. While the transfer got the case to the correct district, it did not remedy the obvious jurisdictional defect: Petitioner is not in custody pursuant to that conviction, which is now 32 years old.

In the interest of throughness, I briefly discuss some possible alternative bases for jurisdiction, but I find that jurisdiction is lacking.

This Petition, although it challenges the 1981 state armed robbery conviction, might alternatively be analyzed as a challenge, pursuant to 28 U.S.C. § 2255 or § 2241, directed at the

5

W.D. Tex. 262-month sentence that petitioner is currently serving. That is, Petitioner could be attacking his Texas federal sentence on the basis that it was enhanced or lengthened as a result of the basis of the expired 1981 New Jersey armed robbery sentence. Such a challenge is viewed "as one attacking the current sentence and not the expired sentence." See Neyor v. INS, 155 F. Supp. 2d 127, 132 (D.N.J. 2001) (citing Maleng v. Cook, 490 U.S. 488 (1989)). However, a collateral attack on an expired prior conviction is permitted only in cases where the "prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799 (1963)." Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 402 (2001) (§ 2254 case). Accord, Daniels v. United States, 532 U.S. 374, 382 (2001) (§ 2255 case); Drake v. I.N.S., 330 F.3d 600, 604 (3d Cir. 2003) (applying *Coss* and *Daniels* in the context of a § 2241 petition challenging a removal proceeding). Such relief would therefore be unavailable; Petitioner does not claim that the 1981 conviction was uncounseled.

For present purposes, however, it is sufficient to note that I lack jurisdiction to consider such a claim; the only court that would even arguably be empowered to hear it would be the United States District Court for the Western District of Texas, the court that imposed the sentence Petitioner is currently serving. See 28 U.S.C. § 2255(a) ("the court which imposed the sentence"); 28 U.S.C. § 2241(d) . Indeed, Petitioner *did* bring a Section 2255 petition in the Western District of Texas, in which he asserted, *inter alia,* that the 1981 New Jersey conviction was "unproven" and should not have been used in connection with his federal sentencing. That

6

contention was rejected. See Infante-Cabrera v. United States, 2008 U.S. Dist. LEXIS 26280 at *16 (W.D. Tex. Feb. 25, 2008).[2]

Another possibility is that the Petition might be analyzed as an application for a writ of coram nobis, a procedural vehicle that may, under limited circumstances, be used to challenge a conviction for which petitioner is no longer in custody.[3] That writ is an "infrequent" and "extraordinary" form of relief reserved for "exceptional circumstances." United States v. Stoneman, 870 F.2d 102, 106 (3d Cir. 1989); see also Carlisle v. United States, 517 U.S. 416, 429 (1996) (it "is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate"); United States v. Gross, 614 F.2d 365, 368 (3d Cir. 1980) (per curiam). The merits aside, I have no jurisdiction to issue the writ requested here, which seeks relief from a New Jersey state conviction. A federal court's power of coram nobis review is limited to challenges of federal convictions; coram nobis relief from a state conviction must be sought in the state court that rendered that judgment. "Only the court that handed down the judgment of conviction . . . may entertain . . . a [coram nobis] petition."

---

[2] Thus this Petition, viewed as a Section 2255 motion, would be successive and duplicative. In addition, it would fall outside the one-year limitations period. 28 U.S.C. § 2255(f).
  A petition pursuant to 28 U.S.C. § 2241 may challenge the manner in which a federal sentence is being calculated or executed by the prison authorities. See, e.g., Arrington v. Bledsoe, 2012 U.S. App. LEXIS 19569, at *4-5 (3d Cir. Sept. 18, 2012). This is not such a challenge. And if it were, the proper forum would be the district of federal confinement. See United States v. Kennedy, 851 F.2d 689, 690 (3d Cir. 1988).

[3] A writ of coram nobis may fall within the federal courts' residual authority under the All Writs Act, 28 U.S.C. § 1651. See Carlisle v. United States, 517 U.S. 416, 429 (1996). Coram nobis relief may be granted by federal courts in criminal matters where an individual continues to suffer from the effects of a particular criminal conviction but the individual is no longer in custody under that conviction. See United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000); United States v. Stoneman, 870 F.2d 102, 105-06 (3d Cir. 1989).

Goodman v. United States, 140 F. App'x 436 (3d Cir. N.J. 2005) (citing Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) ("Four Courts of Appeals have held that coram nobis is not available in a federal court as a means of attack on a state criminal judgment. . . . We agree with those cases.")).

No matter how I construe the Petition, these challenges to Petitioner's 1981 New Jersey conviction fall outside the jurisdiction of this Court. Consequently, the Petition will be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Petition will be dismissed for lack of jurisdiction. Petitioner's applications for appointment of counsel and to proceed in forma pauperis will be dismissed as moot. An appropriate Order follows.

_____
**KEVIN MCNULTY**
**United States District Judge**

Dated: March 26, 2013